JOE PASS v. MARY ELIAS.

(Filed 10 November, 1926.)

**Summons—Process—Statutes—Courts—Justices of the Peace—Superior Courts—Special Appearances—Motions.**

The same requirements as to a proper service of summons in a civil action issuing from the court of a justice of the peace, must be observed by the process officer as from the Superior Court, C. S., 1500, Rule 16, and where a copy thereof is not served at the time of its reading to the defendant, the service is invalid, and the action will be dismissed on special appearance and motion, when the defendant has preserved this right by a like motion in the court of the justice of the peace. C. S., 1487, 1488; 3 C. S., 479.

CIVIL ACTION, before *Webb, J.,* at August Term, 1926, of GUILFORD.

On 17 April, 1925, the plaintiff instituted an action before a justice of the peace to recover of the defendant the sum of $18.00. The return upon the summons is in these words: "Received 24 April, 1925. Served 24 April, 1925, by reading the within summons to Mary Elias. D. B. Stafford, S. E. B. Ballinger, D. S." The defendant, through her counsel, made a special appearance in the court of a justice of the

peace for the purpose of dismissing the action, for the reason that the summons had not been properly served upon the defendant. The justice of the peace denied the motion and proceeded to judgment. The defendant appealed to the Superior Court, properly protecting all rights, and in the Superior Court made a special appearance to dismiss for the reason given in the magistrate's court. The motion was overruled, and the case proceeded to trial over the objection of defendant, resulting in a verdict in favor of plaintiff and against the defendant for the said sum of $18.00. Whereupon the defendant appealed.

*No counsel for plaintiff.*
*Thomas J. Hill for defendant.*

BROGDEN, J. The question is this: Must the summons in the court of a justice of the peace be served by delivering a copy to the defendant?

3 C. S., 479, provides that "the officer to whom the summons is addressed must note on it the day of its delivery to him, serve it by delivering a copy thereof to each of the defendants, and return it within the time specified therein for its return, etc."

C. S., 1500, rule 16, provides: "The chapter on Civil Procedure, respecting forms of actions, parties to actions, the times of commencing actions, and the service of process, shall apply to justices' courts."

C. S., 1487, provides for the issuance and form of a summons and the return date in the courts of a justice of the peace.

C. S., 1488, provides that the officer to whom the summons is delivered shall return the same within five days after its receipt.

But neither of these statutes provides a method of serving the process, except the method prescribed in the chapter on Civil Procedure. Indeed, before the passage of the new practice acts, a summons issued by a justice of the peace against a corporation required that service should be made by delivering a copy. This was the identical method prescribed for serving summons in actions commenced in the Superior Courts against corporations.

Construing C. S., sec. 1500, sub-sec. 16, and C. S., 479, together, it is clear that a summons issued from a court of a justice of the peace must be served in the same manner as a summons issued from the Superior Court. As no copy of the summons was left with the defendant, as required by law, the defendant was not properly in court, and the motion to dismiss should have been allowed. *Aaron v. Lumber Co.,* 112 N. C., 189; *Lowman v. Ballard,* 168 N. C., 18; *Hatch v. R. R.,* 183 N. C., 617.

Reversed.